UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALEXANDRIA PARROTTA,

    Plaintiff,

v.

    CASE No. 2:24-cv-56

    HON. ROBERT J. JONKER

ISLAND RESORT AND CASINO,

    Defendant.

_____/

### ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 12) filed on January 16, 2025. Plaintiff filed her Objections to the Report and Recommendation (ECF No. 37) on January 30, 2025.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends that the Court grant Defendant's Motion to Dismiss (ECF No. 8) and dismiss without prejudice all claims for lack of subject matter jurisdiction. Plaintiff objects to the Report and Recommendation (ECF No. 13), and Defendant opposes that objection (ECF No. 14). After de novo review, the Court overrules Plaintiff's objection and adopts the Magistrate Judge's Report and Recommendation. The Magistrate Judge carefully and thoroughly considered the allegations, the parties' arguments, the judicially noticeable materials, and the governing law.

There is no dispute that the Hannahville Indian Community ("HIC"), d/b/a Island Resort and Casino, is a federally recognized tribe. (*See* ECF No. 1, PageID.2). Plaintiff's claims, therefore, turn on the question of tribal sovereign immunity. Congress did not abrogate tribal immunity anywhere in the Fair Labor Standards Act, so Plaintiff must show that the tribe waived its own immunity. *C & L Enters. v. Citizen Band Potawatomi Indian Tribe of Okla.*, 532 U.S. 411, 418 (2001). It did not. As the Magistrate Judge correctly noted, HIC's Tribal Sovereign Immunity Code provides "that any waiver by the tribe must be set out in a 'formal, written resolution of the Tribal Council,'" among other requirements. (ECF No. 12, PageID.195 (quoting ECF No. 11-1, PageID.138–39)). Plaintiff argues that, notwithstanding this language, the tribe waived its immunity by stating in its Constitution and Bylaws that "[t]he Council shall not exercise any of the foregoing powers so as to conflict with any laws of the United States which apply to the Hannahville Indian Community." (ECF No. 10, PageID.104 (quoting ECF No. 10-1, PageID.113)). But, as the Magistrate Judge rightly concluded, this is simply not the sort of clear, express waiver required to relinquish immunity. *See C & L Enters.*, 532 U.S. at 418.

Plaintiff now objects that the Magistrate Judge wrongly inserted the words "would not" in place of "shall not" in examining the above Constitution and Bylaws language. (ECF No. 13, PageID.203). Plaintiff claims that the "shall not" language "is dispositive on the issue of whether

2

Defendant waived immunity."  (*Id.*).   Not only is this not dispositive of the waiver question; it mischaracterizes the Magistrate Judge's Report and Recommendation.  In concluding that "the tribe's statement that it would not 'exercise any of the foregoing powers so as to conflict with any of the laws of the United States which apply' to the tribe does not constitute a clear waiver of immunity," the Magistrate Judge did not directly quote the "shall not" portion of the language.  This was simply a paraphrase.   And even the "shall not" language does nothing more than imply a general willingness to submit to applicable federal laws.   The Magistrate Judge was right on this point, too: "waivers of tribal sovereignty may not be implied."   (ECF No. 12, PageID.195 (citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978))).

The Court also agrees with the Magistrate Judge's recommendation to decline supplemental jurisdiction over Plaintiff's state law claims.  Dismissal of all claims is therefore appropriate for the reasons described in the Report and Recommendation.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 12) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 8) is **GRANTED** and all federal and state claims are **DISMISSED WITHOUT PREJUDICE**.


Dated:   February 27, 2025              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE